IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Respondent/Plaintiff,<br><br>vs.<br><br>Stephen Ross Raboy,<br><br>　　　　　Movant/Defendant. | No.  CV-12-02577-PHX-JAT (SPL)<br><br>(No.  CR-09-00678-1-PHX-JAT)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JAMES A. TEILBORG, SENIOR UNITED STATES DISTRICT JUDGE:

Movant Stephen Ross Raboy, who is confined in the Federal Correctional Institution in Terre Haute, Indiana, has filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (CVDoc. 7, CRDoc. 216).[1]

**BACKGROUND**

Following the robbery of several Phoenix area banking institutions between February and April of 2009, a federal grand jury indicted Movant of three felony counts on June 9, 2009. (CRDoc. 12.) A superseding indictment was returned against Movant and two co-defendants on August 4, 2009, charging Movant with a total of nine felony counts: one count of bank robbery (Count 1), three counts of conspiracy to comment

---

[1] Documents filed in CV-12-02577-PHX-JAT (SPL) will be referred to as "CVDoc." while documents filed in the related criminal action, CR-09-00678-1-PHX-JAT, will be referred to as "CRDoc."

bank robbery (Counts 2, 4, and 10), three counts of armed bank robbery (Counts 3, 5, and 11), one count of use of a firearm during a crime of violence (Count 12), and one count of felon in possession of a firearm (Count 16). (CRDoc. 30.) On July 30, 2010, Counts 2, 4, and 10 were dismissed. (CRDoc. 116.)

Jury trial commenced on September 14, 2010. (CRDoc. 148.) Following a 4-day trial, on September 17, 2010, the jury found Movant guilty of three counts of armed bank robbery, and aid and abet (Counts 3, 5, and 11), in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2, and one count of use of a firearm during a crime of violence, and aid and abet (Count 12), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. (CRDoc. 159.) The charges for bank robbery (Count 1) and felon in possession of a firearm (Count 16) were ultimately dismissed on motion of the government. (CRDoc. 153, 178, 179.) On December 2, 2010, the Court sentenced Movant to concurrent terms of life imprisonment for each count of armed bank robbery, and a consecutive 84-month term of imprisonment for use of a firearm. (CRDoc. 178, 179.) The Court further imposed a concurrent 5-year term of supervised release on each count. (*Id.*)

On December 3, 2010, Movant filed a timely Notice of Appeal. (CRDoc. 180.) The Ninth Circuit Court of Appeals affirmed Movant's convictions and sentences on October 25, 2011, and entered its formal mandate on December 1, 2011. (CRDoc. 212); *United States v. Raboy*, 454 Fed.Appx. 649, 2011 WL 5056460 (9th Cir. 2011).

On December 3, 2012, Movant timely filed the instant Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (CVDoc. 7, CRDoc. 216), to which Respondent filed a Response (CVDoc. 13). No reply was filed.

## DISCUSSION

In his Motion, Movant raises two grounds for relief. In Ground One, Movant alleges that he received ineffective assistance when trial counsel failed to investigate alibi witnesses. In Ground Two, Movant alleges that he received ineffective assistance when trial counsel failed to object to identification evidence.

## I.      Legal Standard

Under § 2255, a person in custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Ineffective assistance of counsel claims are "'generally inappropriate on direct appeal' and should be raised instead in habeas corpus proceedings." *United States v. Steele*, 733 F.3d 894 (9th Cir. 2013) (quoting *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000). The Court reviews claims of ineffective assistance of counsel under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland,* Movant must show: (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense. 466 U.S. at 687.

To establish that counsel's performance was deficient, Movant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* Movant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (citing *Michael v. Louisiana*, 350 U.S. 91, 101 (1955)). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

To establish prejudice from counsel's errors, Movant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* The court need not

determine whether counsel's performance was deficient before examining whether prejudice resulted from the alleged deficiencies. *See Smith v. Robbins*, 528 U.S. 259, 286 fnt.14 (2000). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* (quoting *Strickland*, 466 U.S. at 697).

**II.     Analysis**

   **A.     Ground One**

In Ground One, Movant argues that defense counsel was inadequate because he failed to investigate and present an alibi defense. Defense counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691. This includes a duty to investigate a defendant's "most important defense." *Sanders v. Ratelle*, 21 F.3d 1446, 1457 (9th Cir. 1994). While "counsel must investigate relevant defenses… counsel must reasonably select and present a defense." *Mickey v. Ayers*, 606 F.3d 1223, 1236 (9th Cir. 2010). This Court's inquiry is not on what "defense counsel could have presented, [but] whether counsel's actions were reasonable." *Turner v. Calderon*, 281 F.3d 851, 877 (9th Cir. 2002). *See also Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009); *Hart v. Gomez*, 174 F.3d 1067, 1070 (9th Cir. 1999).

Here, Movant claims that defense counsel "<u>did</u> <u>not</u> make any attempt to investigate and interview the alibi witnesses, whose names Mr. Raboy had provided to him… Mr. Raboy's alibi claim involves witness testimony that the trial jury did not have before it. The testimony proffered would have shown that [Movant] was someplace other than the scene of the crimes at the time of the crimes." (CVDoc. 7 at 19) (emphasis in original). This claim consists of nothing more than a vague assertion that is unsupported by the record.  Movant does not develop *any* facts to support his claim, nor does he point to any portion of the record which corroborates his allegation. Movant has not identified the alleged alibi witness, his location at the time of the crime, or when and how he informed counsel of the purported alibi. Thus, without more, Movant has not negated the

4

strong presumption that counsel's conduct fell within the wide range of reasonable assistance. Mere conclusory allegations are insufficient to prove that counsel was ineffective. *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989). Movant bears the burden to show that counsel's conduct fell below an objective standard of reasonableness and, but for his counsel's errors, the result of the proceeding would have been different. Here, Movant has done neither.

Accordingly, because Movant does not assert a viable claim and fails to satisfy the *Strickland* standard, the Court will recommend that Ground One be denied.

### B. Ground Two

Next, in Ground Two, Movant argues that trial counsel provided ineffective assistance because he failed to challenge the government's identification evidence and object to the testimony of witnesses who identified him at trial. As Respondent demonstrates in its response, however, the record shows no support for this claim.

Here, nothing suggests that trial counsel's performance was objectively unreasonable. Prior to trial, defense counsel did, in fact, move to suppress both the out-of-court photographic line-up in which Movant was identified and any in-court identification of him at trial. (CRDoc. 103.) Counsel argued that the photographic line-up shown to the witnesses was "unduly suggestive," and therefore all identifications or testimony pertaining to identifications must be suppressed. (*Id.*; CRDoc. 111 at 2.) On September 2, 2010, the District Court denied counsel's motion, reasoning:

> As stated in *Nash*, this Court must consider the totality of the surrounding circumstances in determining whether the out-of-court identification was so impermissibly suggestive that it tainted any subsequent identification testimony (concerning either the photo lineup or the in-court identification by the witness). *Nash*, 946 at 681.4 In this case, all of the men have similar skin color, similar hair color, similar facial hair, and are approximately the same age. Further, while Defendant Raboy appears to have long hair pulled back into a ponytail, a viewer cannot be certain that other men do not have long hair. Given how similar the pictures are, and to the extent the hair length can be seen as a difference, the Court finds that the photospread is not impermissibly suggestive. Thus, neither the out-of-court identification nor the in-court identification will be suppressed.

(CRDoc. 140 at 2.)[2]

Although four different witnesses identified Movant at trial (*see* CRDoc. 201 at 25, 106, 196; CRDoc. 202 at 24), Movant only specifically challenges "his trial counsel's failure to object to, and attempt to preclude, the identification by Melissa Gordon." (Doc. 7 at 23.) Yet, while Gordon identified Movant in a photographic lineup, she did not make an in-court identification of him at trial. (CRDoc. 201 at 157-158; CVDoc. 7 at 14.)

> Q. I want you to take a look around the courtroom, Miss Gordon, just take a moment and look around and see if you see the person who was at the teller counter that day. If you need to stand up you can to see around the room.
>
> A. I don't think so.
>
> Q. Okay.
>
> A. No.

(CRDoc. 201 at 128.) Further, as recited by Movant, on cross-examination by defense counsel, Gordon "admitted that the description she originally gave law enforcement was not the same as what she was shown on the security video, since there was no black hat and the robber's shirt was not as dark as she had described." (Doc. 7 at 14.) Consequently, defense counsel's performance cannot be said to be objectively unreasonable, because there was no in-count identification made by Gordon to which counsel could have objected to, and he otherwise challenged the credibility of her out-of-court identification.

Further, Movant fails to show that he was prejudiced by trial counsel's alleged failure to present a defense. For the same reasons cited by the Ninth Circuit Court of Appeals on direct appeal,[3] the Court agrees that both out-of-court and in-court

---

[2]   Citing *United States v. Nash,* 946 F.2d 679, 681 (9th Cir. 1991).

[3]   "Section 2255… is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). An issue raised and decided on direct appeal is binding and precludes relitigation of the issue in a subsequent § 2255 proceeding. *United States v. Scrivner,* 189 F.3d 825, 828, n. 1 (9th Cir. 1999) (citing *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985) and *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979)). On direct appeal, Movant argued "that the photo lineup was impermissibly suggestive and tainted

identifications were sufficiently reliable, and other substantial evidence offered a trial supported his convictions.

> Even were the pre-trial identification procedure[s] impermissibly suggestive, the totality of the circumstances indicates that the eyewitness identifications of Raboy had sufficient aspects of reliability. *See United States v. Bagley*, 772 F.2d 482, 492 (9th Cir.1985) ("If under the totality of the circumstances the identification is sufficiently reliable, identification testimony may properly be allowed into evidence even if the identification was made pursuant to an unnecessarily suggestive procedure."); *see also Manson v. Brathwaite*, 432 U.S. 98, 106, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). All three bank robberies occurred during the daytime. The five witnesses had ample opportunity to view Raboy, one-on-one, at close range, for the entire duration of the respective robberies. Further, all of the witnesses provided specific details about Raboy's facial features and body type that were consistent with Raboy's overall appearance.
>
> The subsequent in-court identifications were also reliable. Four of the five witnesses identified Raboy at trial without expressing hesitation, and there is no evidence to suggest that the witnesses based their in-court identifications on anything other than their independent memories or recollections of the incidents.
>
> Finally, there was significant circumstantial evidence supporting the conviction. This evidence includes DNA evidence linking Raboy to the robberies and items seized from his residence such as two-way radios, a list of police and medical scanner frequencies, and a note that read "Bomb. Big bills. No dye-no GPS, no alarms, or else." Thus, any potential error in admitting the testimony was harmless beyond a reasonable doubt. *See Neder v. United States*, 527 U.S. 1, 15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (stating that constitutional error must be harmless beyond a reasonable doubt).

(CRDoc. 212); *United States v. Raboy*, 454 Fed.Appx. at 650-651.

Movant has not demonstrated that counsel unreasonably failed to present a defense or any other basis to conclude that counsel's performance was deficient. Movant likewise fails to show that but for counsel's alleged deficiency, the outcome of his proceedings

---

the subsequent in-court identification testimony." (CRDoc. 212-1 at 2.) Thus, the Court agrees with Respondent that because the underlying basis of Movant's ineffective assistance of claim has already been decided by the Ninth Circuit, he cannot relitigate the matter here. Nonetheless, in an abundance of caution, the Court addresses the claim on its merits.

would have been different. In light of these considerations, the Court concludes that Movant has failed to satisfy the *Strickland* standard for this ineffective assistance claim, and will therefore recommend that Ground Two be denied.

### III. Evidentiary Hearing

The Court concludes that Movant is not entitled to an evidentiary hearing on his claims because "the motion and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b). The testimony of Movant or his trial counsel would add little or nothing to record before the Court. "Section 2255 itself 'recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner.'" *Watts v. United States,* 841 F.2d 275, 277 (9th Cir. 1988) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). Although the Court recognizes "that when the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive… this is one of those cases in which an issue of credibility may be conclusively decided on the basis of documentary testimony and evidence in the record." *See Watts v. United States,* 841 F.2d at 277 (internal citation and quotation marks omitted) (noting "[w]hen section 2255 motions are based on alleged occurrences entirely outside the record, which if true would support relief, the court must conduct a hearing on those allegations 'unless, viewing the petition against the record, its allegations do not state a claim for relief or are so patently frivolous or false as to warrant summary dismissal.'") Here, because there is no evidence to support Movant's claims and the evidence in the record is contrary to his allegations, this Court "is able to determine without a hearing that the allegations are without credibility." *United States v. Navarro-Garcia*, 926 F.2d 818, 822 (9th Cir. 1991).

### CONCLUSION

For the foregoing reasons, the Court finds that the claims presented in the Motion fail on the merits. Movant has not raised facts or issues that entitle him to an evidentiary hearing on his claims. Accordingly, the Court will recommend that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. §

2255 be denied. Accordingly,

**IT IS RECOMMENDED** that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (CVDoc. 7, CRDoc. 216) be **DENIED** and that **CV-12-02577-PHX-JAT (SPL)** be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 16th day of December, 2013.

Honorable Steven P. Logan
United States Magistrate Judge